
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DUNEX, INC., a California corporation; CAVALIER MOBILE ESTATES, a California limited partnership, | No. 10-56871 |
| Plaintiffs - Appellants, | D.C. No. 3:10-cv-01478-JLS-CAB |
| v. | MEMORANDUM[*] |
| CITY OF OCEANSIDE; OCEANSIDE MANUFACTURED HOME FAIR PRACTICES COMMISSION, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Argued and Submitted June 8, 2012
Pasadena, California

Before: TROTT and BYBEE, Circuit Judges, and DUFFY, Senior District Judge.[**]

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

Dunex, Inc. and Cavalier Mobile Estates (collectively, "Dunex") appeal the district court's order granting the City of Oceanside's ("Oceanside") Rule 12(b)(1) and (6) motion to dismiss. The district court determined that Dunex's state court action, in which it brought a writ of mandate challenging the denial of its request for an increase in its rent ceiling, precluded Dunex from asserting federal claims in federal court because those claims were all based on the same "primary right" as asserted in the state action. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Dunex argues that the district court misapplied California law in concluding that Dunex's federal claims were barred by res judicata. The res judicata question in this case is squarely addressed by our decision in *Manufactured Home Communities Inc. v. City of San Jose* ("*MHC*"), 420 F.3d 1022 (9th Cir. 2005), which applied California law. *MHC* makes clear that if "[Dunex's federal] claims all relate to a single Ordinance and [the City of Oceanside's] application of that Ordinance to [Dunex's] petition for a rent increase," 420 F.3d at 1031–32, and if Dunex already litigated its right to a rent increase in state court, then under California's "primary right" theory of res judicata, Dunex's federal claims are barred. *See id.*

2

In its amended petition for a writ of mandate in the state court action, Dunex alleged that Oceanside wrongly denied Dunex's rent increase application and thereby denied Dunex due process and violated the state and federal constitutions. Dunex also claimed that, as applied, the Ordinance effected a regulatory taking of its property. Dunex's district court action likewise alleged, among other things, denials of due process, unconstitutional takings, an equal protection violation, and violations of the federal Constitution. Although styled as different theories, Dunex's federal claims all address a single theory—that Dunex is not receiving a fair return on its investment in its property. Because the California Superior Court already determined that Dunex is receiving a fair return on its investment, we would have to "upset[ the] legal conclusion[] of the California courts" to afford Dunex relief. *Id.* at 1032. Res judicata prevents us from doing so.

It is possible that Dunex could have reserved its federal claims before bringing its state court action. *See England v. La. State Bd. of Med. Exam'rs*, 375 U.S. 411, 415 (1964). But because no such reservation was made, we are "unable to pass judgment on [Dunex's] claims without addressing the state court's determinations on [the fair return] issues. Any remedy for [Dunex] on these claims

3

would in effect nullify that judgment in violation of *res judicata*." *MHC*, 420 F.3d

at 1032 (internal quotation marks omitted).[1]

AFFIRMED.

---

[1]Because we affirm the district court on the basis of res judicata, thereby resolving all of Dunex's claims, we do not address Dunex's ripeness argument.